UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES GARNER, | ) | |
|       Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 2:21CV348-PPS/APR |
| THOMAS McDERMOTT, City of Hammond Mayor, et al., | ) ) ) ) | |
|       Defendants. | ) ) | |

**OPINION AND ORDER**

Plaintiff James Garner is aggrieved by the proceedings in Lake County, Indiana's Circuit Court that have led to the issuance of a Tax Deed. Garner has filed a complaint alleging that he is the founder and President of a church known as "Correct Knowledge is Power Church of Simplicity = Genius." [DE 1 at 2.] Garner further alleges that he "made the decision for the church to acquire" the property known as 4 Detroit Street in Hammond. [*Id.*] To make a long story short, proceedings were opened in Lake County Circuit Court for non-payment of property taxes, and a Tax Deed was ultimately issued transferring ownership of the property at 4 Detroit Street to defendant Residential Note Funding, LLC. [*Id.* at 7-8.] Garner, representing himself without an attorney, has recently filed this action against Thomas McDermott, the mayor of Hammond, Indiana, and more than a dozen additional defendants to challenge those tax proceedings. Now pending before me are Garner's Motion to Proceed In Forma Pauperis, that is, without paying the filing fee ordinarily required to commence a civil case, and Garner's Emergency Petition and Motion for a Temporary Restraining Order and Preliminary Injunction. [DE 2, 3.]

Because Garner wants to file the case without paying the customary filing fee, the complaint is subject to review and potential dismissal if on its face it lacks merit. Garner's

financial information establishes that he is qualified to file without payment of the fee, but his complaint does not pass muster when subjected to the associated review of its merits. Pursuant to 28 U.S.C. §1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nonetheless, Garner's complaint is subject to dismissal because he does not show that he has the capacity to prosecute the case and because the exercise of jurisdiction appears to be barred based on the subject matter.

   First, I question whether Garner can bring this case, and whether he can do so without benefit of counsel to represent him.  To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. See *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014).  Because the complaint clearly alleges that the real estate was "purchased and owned by Correct Knowledge is Power CHURCH of Simplicity = Genius," it is not clear in what capacity Mr. Garner brings the lawsuit, or how he personally was injured by anything that occurred.  [DE 1 at 12.]  Garner is not a party to the Lake Circuit Court tax case he identifies in his complaint, Case Number 45C01-2011-TP-001212, in which the respondents are the church and the Lake County Auditor.  Garner does not allege a "personal stake" in the tax troubles of his church, that is "an invasion of a legally protected interest which is...concrete and

particularized." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

As a *pro se* plaintiff acting on his own behalf, Garner is permitted to act without an attorney, but it is unclear how Garner has standing to make the legal claims the suit is based on. Those claims appear to belong to the church itself, but the complaint does not name the church as the plaintiff, and in any event, an organizational defendant such as a church can only be represented by a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). So Garner cannot act as counsel on behalf of the church, even if the complaint were amended to name the church as the plaintiff instead.

An additional problem arises from the subject matter of the lawsuit and particularly with the requested TRO or preliminary injunction. Garner's motion requests an emergency injunction that dissolves the Tax Deed, enjoins the defendants from requiring Garner or the church to appear in any state proceedings "manufactured" after the filing of Garner's related federal case numbered 2:21cv250, and enjoins various further steps taken with respect to the 4 Detroit Street property in reliance on the Tax Deed. [DE 3 at 1.] All of this relief is in the nature of reversing the judgment in the tax case. But there is no jurisdiction in federal court over a challenge to a state court's determination of a tax matter, where appeal is available within the state court system. "The Tax Injunction Act forbids federal district courts to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law,' provided that an adequate remedy is available in the state courts." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011), quoting 28 U.S.C. §1341.

Yet another doctrine clouds the availability of the relief sought in the motion for a TRO. A party "cannot sue any defendant for the purpose of asking a federal district court to review and correct an adverse state-court judgment." *Hermann v. Dunn County*, 761 Fed.Appx. 647, 650 (7th Cir. 2019). This principle is called the *Rooker-Feldman* doctrine, "under which lower federal courts lack jurisdiction to review state-court judgments or to decide matters inextricably related to state court decisions." *EOR Energy LLC v. Illinois Environmental Protection Agency*, 913 F.3d 660, 664 (7th Cir. 2019), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Under the *Rooker-Feldman* doctrine, the "vital question...is whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 894, 898 (7th Cir. 2018).

"[D]istrict courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lyons v. Gene B. Glick Company, Inc.*, 844 Fed.Appx. 866, 868 (7th Cir. 2021), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "To determine whether an injury was caused by a state-court judgment, we look to 'the *actual injury* claimed by the plaintiff.'" *Lyons*, at *2, quoting *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (emphasis in original). The injuries claimed by Garner all flow directly from the state court tax proceedings and the issuance of the Tax Deed that resulted from them.

Emergency injunctive relief in the form of a TRO or preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v.* Armstrong, 520 U.S. 968, 972 (1997). *See also Goodman v. Illinois Dep't of Financial & Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). This overarching burden applies to the four subordinate requirements for such relief, namely showings that (1) the movant has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) without the relief, the movant will suffer irreparable harm that outweighs the harm to the other party if the injunction is granted, and (4) the injunction is not adverse to the public interest. *Goodman*, 430 F.3d at 437. The unaddressed concerns about Garner's standing and federal court jurisdiction in light of the Tax Injunction Act and *Rooker-Feldman* doctrines are sufficient to demonstrate that Garner does not make a clear showing of his entitlement to a TRO or preliminary injunction, even before the four specific requirements are considered. Garner's Emergency Petition will be denied.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. Furthermore, I note that any additional claims relating to the tax case should be brought by means of an amendment to Garner's complaint in the earlier-filed Case No. 2:21CV250 rather than in a separate action as he attempted here.

**ACCORDINGLY:**

James Garner's Motion to Proceed In Forma Pauperis [DE 2] is GRANTED.

Garner's Emergency Petition and Motion for a Temporary Restraining Order and Preliminary Injunction [DE 3] is DENIED.

The case is DISMISSED pursuant to 18 U.S.C. §1915(e)(2)(B) because it fails to state a claim on which relief can be granted.

**SO ORDERED.**

ENTERED: November 18, 2021.

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT